UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE :

Robyn S. Goines,

      Debtor.

_____/

Chapter 7
Case No. 15-55224
Hon. Walter Shapero

## OPINION GRANTING U.S. TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Debtor filed this Chapter 7 petition on October 17, 2015. The United States Trustee ("UST") filed the present Motion to Dismiss Case Under 11 U.S.C. § 707(b)(3), alleging that Debtor's income and expenses enable her to confirm a Chapter 13 plan, thus indicating abuse under the totality of the circumstances test. The Court held an evidentiary hearing on March 23, 2016.

Debtor has been employed for some seven years as a dispatch manager for AT&T. Her present annual gross salary is $64,978. She received a promotion three years ago, around which time she began voluntarily having $600 withheld from her biweekly paychecks and deposited into her savings account. She originally did so for the purposes of saving for her dependent son, but when she encountered financial difficulties, she used essentially all those monies to pay bills and living expenses. Around the petition filing date, there was about $100 or so in that account. Debtor has continued this practice to date.

Debtor's Amended Schedules I and J indicate a monthly net surplus of $148.00. Debtor also makes a voluntary 401(k) contribution of $268.06 per month (though her two most recent pay statements indicate higher biweekly contributions, $580.96 and $162.45, apparently due to increased vacation pay and a bonus). Debtor also testified that she paid approximately $87.00 per month toward a 401(k) loan repayment, which has now been paid in full, that frees up that

1

amount (and the same will be true with a separate such outstanding loan to be fully repaid in approximately nine months). Totaling those three figures ($148.00 + $268.06 + $87.00), the UST estimates that Debtor has approximately $503 more per month of disposable income that could be committed to repay her creditors. Debtor's sole creditors are (a) two secured claims on two vehicles, which her Statement of Intent indicates will both be reaffirmed; and (b) $10,093.00 of non-priority unsecured debt. From the foregoing, the UST estimates Debtor has the ability to pay a substantial portion of her debts under a Chapter 13 plan in a relatively short period of time. Debtor admits that she has disposable income to pay her creditors, but disputes the $87.00 amount relative to the 401(k) loan repayment and indicates she is "not comfortable" terminating her 401(k) contributions. Debtor is 36 years old and has a dependent nine year old son.

The UST bears the burden of proof, and the law on the § 707(b)(3) totality of the circumstances burden was described by this Court in *In re Beckerman,* 06-49172 at *5 (Bankr. E.D. Mich. Feb. 4, 2008) as follows:

> Whether the Debtors are sufficiently needy to justify the relief sought under chapter 7 is determined by an examination of the following non-exclusive factors: (a) whether the Debtor has the ability to repay his debts out of future earnings; (b) whether the Debtor enjoys a stable source of future income; (c) whether the Debtor is eligible for chapter 13 relief; (d) whether there are state remedies with the potential to ease the Debtor's financial predicament; (e) whether relief may be obtained through private negotiations with creditors; and (f) whether expenses can be reduced significantly without depriving the Debtor of adequate food, clothing, shelter and other necessities. *In re Krohn*, 886 F. 2d at 126-27. One consideration relevant to the first factor, whether the Debtor has the ability to repay debts, is whether the Debtors have sufficient disposable income to fund a hypothetical chapter 13 plan. *Behlke*, 358 F.3d at 435.

On the subject of voluntary retirement contributions, this Court further opined:

> This Court is persuaded that Sixth Circuit precedent does not require that in all instances voluntary contributions to a retirement plan are not necessary expenses for purposes of determining disposable income in a hypothetical chapter 13 plan. Instead, as is required by the plain language of § 707(b)(3) and this Court's interpretation of the meaning of Sixth Circuit precedent, the

2

reasonableness of the Debtors' expenses, including 401(k) contributions, must be determined on a case-by-case basis looking at the totality of the Debtors' individual circumstances.

What is evident from *Behlke* is that the amount of the Debtors' existing retirement savings is relevant to the determination of whether voluntary retirement contributions are necessary for the maintenance or support of the Debtor or a dependent. Other factors relevant to this fact-intensive inquiry may include: (1) age and time left until retirement; (2) level of yearly income; (3) overall budget; (4) amount of monthly contributions; (5) needs of any dependents; and (6) other constraints which make it likely that retirement contributions are reasonably necessary expenses for those debtors. *Hebbring v. U.S. Trustee*, 463 F.3d at 907 (citing *In re Taylor*, 243 F.3d 124, 129-30 (2d Cir. 2001)).

*Id.* at *10.

Applying these factors, the Court finds that Debtor does have the ability to repay her debts out of future earnings, which appear stable, and she qualifies for Chapter 13 relief. There is no evidence of negotiations with creditors and, in any event, that consideration and the other considerations combined do not outweigh the specified bases for the Court's conclusion. The Court is persuaded that, given Debtor's circumstances, her present voluntary 401(k) contributions are unwarranted, given her age, earnings, and overall financial circumstances, which indicate even after completing a reasonable Chapter 13 plan, she can reasonably provide for her and her dependent's futures. If Debtor was to only apply her $148.00 monthly surplus and her $268.06 monthly voluntary 401(k) contributions toward a Chapter 13 plan, those sums would be sufficient to pay $9,985.44 over 24 months, or $14,978.16 over 36 months. Keeping in mind that Debtor's non-priority unsecured debt is only $10,093.00, it is clear that she has a considerable ability to pay a substantial dividend to these creditors (even when factoring in the incidental legal costs associated with pursuing Chapter 13 relief, and even if that debt might turn out to actually be materially larger, as Debtor indicates). Further weighing against Debtor's position is the fact that this Court previously held that a debtor's repayment of retirement plan

3

loans, which this Debtor continues to do, is a discretionary expense and should be treated similarly to a 401(k) contribution. *In re Weinert,* 11-69840 (Bankr. E.D. Mich. April 11, 2013) (granting UST's dismissal motion under § 707(b)(2), and thus finding it unnecessary to further opine on the § 707(b)(3) issue).[1]

For the indicated reasons, the Court grants the UST's motion. Incident thereto, the Court will allow the Debtor to take further action no later than April 15, 2016 by converting her case, failing which, the Court will enter an order dismissing the case without further proceedings.

.

**Signed on April 04, 2016**

            **/s/ Walter Shapero**
          **Walter Shapero**
          **United States Bankruptcy Judge**

---

[1] The Court also notes (non-dispositively) something raised parenthetically by the UST that the Debtor should consider, i.e. whether Debtor's sought-after Chapter 7 discharge is even the appropriate course for her now, given her present financial situation and her relatively modest debts, because such would preclude her from another bankruptcy discharge for eight years – a consideration that could place her in an unfortunate predicament if an unforeseen hardship occurs during that period. *See* § 727(a)(8).

4

15-55224-wsd    Doc 22    Filed 04/04/16    Entered 04/04/16 16:13:53    Page 4 of 4